UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| TIG INSURANCE COMPANY, a California corporation, </br></br> Plaintiff, </br></br> v. </br></br> PHUSION PROJECTS, LLC, a Delaware limited liability company, INNOVATIVE BREWING, LLC, a Delaware limited liability company, and JACOB D. KOVAC, </br></br> Defendants. | Case No.: 18cv5939 |

**COMPLAINT FOR DECLARATORY JUDGMENT**

Plaintiff TIG Insurance Company, as successor by merger to American Safety Indemnity Company ("ASIC"), for its Complaint for Declaratory Judgment, states as follows:

**NATURE OF ACTION**

1. This is an action for declaratory judgment, brought pursuant to 28 U.S.C. §§ 2201 and 2202, wherein ASIC seeks a declaration regarding its duties and obligations under certain commercial general liability insurance policies (the "ASIC Policies") with respect to the lawsuit entitled *Jacob D. Kovac v. Timothy A. Kovac, et al.*, filed in the Circuit Court of the Nineteenth Judicial Circuit, Lake County, Civil Action No. 17 L 825 (hereinafter the "Underlying Lawsuit").

2. Defendants Phusion Projects, LLC ("Phusion") and Innovative Brewing, LLC ("Innovative Brewing") (collectively, the "Phusion Entities") seek a defense from ASIC with respect to the claims asserted in the Underlying Lawsuit. ASIC maintains that it has no duty to

defend the Phusion Entities in, or indemnify them in connection with, the Underlying Lawsuit under the ASIC Policies.

3. Accordingly, a real, substantial and justiciable controversy has arisen and now exists between ASIC, on the one hand, and the Phusion Entities, on the other, which controversy is subject to resolution by this court under 28 U.S.C. §§2201 and 2202.

## PARTIES

4. Plaintiff TIG Insurance Company, as successor by merger to ASIC, is a corporation organized under the laws of the state of California with its principal place of business in New Hampshire.

5. Upon information and belief, Defendant Phusion is a limited liability company organized under the laws of the state of Delaware with its principal place of business in Illinois.

6. Upon information and belief, Defendant Innovative Brewing is a limited liability company organized under the laws of the state of Delaware with its principal place of business in Illinois.

7. Upon information and belief, Defendant Jacob D. Kovac is an individual residing in Illinois. Defendant Jacob D. Kovac is named as an interested and necessary party to this action to be bound by the determination of this Court.

## JURISDICTION AND VENUE

8. Jurisdiction is proper in this Court pursuant to 28 U.S.C. §1332 because the Underlying Plaintiff and Defendants are citizens of different states and the amount in controversy exceeds $75,000, exclusive of interest and costs.

2

9. This Court has personal jurisdiction over Defendants because the Phusion Entities maintain a principal place of business within this jurisdictional district, and because defendants are residents of the state of Illinois.

10. Venue is proper in this District, pursuant to 28 U.S.C. §1391(a)(1) and (c).

## THE UNDERLYING LAWSUIT

11. Defendant Jacob D. Kovac (the "Underlying Plaintiff") initiated the Underlying Lawsuit in the Circuit Court of the Nineteenth Judicial Circuit, Lake County, Illinois, naming various defendants, including the Phusion Entities. ASIC attaches a true and correct copy of the First Amended Complaint (the "Underlying Complaint"), which ASIC is informed and believes is the operative pleading for purposes of the Underlying Lawsuit, as Exhibit "A" to this Complaint.

12. The Underlying Complaint alleges that the Underlying Plaintiff and his father, Timothy A. Kovac (a named defendant in the Underlying Lawsuit) founded a successful beer brewing business, Small Town Brewery.

13. The Underlying Plaintiff asserts that his father owes the entire Small Town Brewery business to the Underlying Plaintiff's idea for the beer, formulas to make the beer, and "Small Town Brewery" and "Not Your Father's Root Beer" branding. The Underlying Plaintiff alleges that he was not properly compensated and that his father wrongfully retained the business for himself, along with the formulas and the brewery.

14. The Underlying Complaint alleges that, because the defendant business entities, including the Phusion Entities, were aware of the Underlying Plaintiff's contributions in creating the beer recipes, flavors, and branding, they could not be *bona fide* purchasers of value when they made their licensing and distribution agreements with the Underlying Plaintiff's father.

3

Case: 1:18-cv-05939 Document #: 1 Filed: 08/29/18 Page 4 of 16 PageID #:4

15. The Underlying Complaint contains the following counts: Count I - Breach of Express Joint Venture Agreement; Count II - Breach of Implied Joint Venture Agreement; Count III - Breach Of Express Partnership Agreement; Count IV - Breach of Implied Partnership Agreement; Count V - Breach Of Fiduciary Duty; Count VI - Constructive Fraud; Count VII - Misappropriation of Trade Secret; Count VIII - Fraud; Count IX - Unjust Enrichment; and Count X - Constructive Trust.

16. The only counts asserted against the Phusion Entities are for misappropriation of trade secret (Count VII) and constructive trust (Count IX).

17. In the Underlying Lawsuit, the Underlying Plaintiff seeks the following: an order assigning the Underlying Plaintiff his rightful percentage of future joint venture/partnership income (or the present value thereof); an accounting and disgorgement of the underlying defendants' unjustly derived earnings; injunctive relief; compensatory damages; punitive damages; attorney's fees, costs, and expenses; and any other further relief the underlying court deems appropriate, just and equitable under the circumstances.

## THE ASIC POLICIES

18. ASIC issued to Phusion Projects, Inc. and Phusion Projects, LLC the following policy nos.: ESL028961-11-01, for the policy period effective May 3, 2011 to May 3, 2012 ("2011-12 Policy"); ESL1001139-1202, for the policy period effective May 3, 2012 to May 3, 2013 (the "2012-13 Policy"); and ESL1001139-1303, for the policy period effective May 3, 2013 to May 3, 2014 (the "2013-14 Policy"). The 2011-12 Policy, the 2012-13 Policy, and the 2013-14 Policy are collectively referred to in this pleading as the "ASIC Policies."

4

19.     Pursuant to endorsement, Innovative Brewing is an additional named insured to the 2013-14 Policy, effective August 8, 2013. Innovative Brewing is not an insured under the 2011-12 Policy or the 2012-13 Policy.

20.     The Phusion Entities tendered the Underlying Complaint to ASIC, seeking a defense in the Underlying Lawsuit under the ASIC Policies' "personal and advertising injury" coverage.

21.     The ASIC Policies provide, in part, as follows:

Various provisions in this policy restrict coverage. Read the entire policy carefully to determine rights, duties and what is and is not covered.

Throughout this policy the words "you" and "your" refer to the Named Insured shown in the Declarations, and any other person or organization qualifying as a Named Insured under this policy. The words "we", "us" and "our" refer to the company providing this insurance.

The word "insured" means any person or organization qualifying as such under Section II - Who Is An Insured.

Other words and phrases that appear in quotation marks have special meaning. Refer to Section V - Definitions.

**SECTION I – COVERAGES**

**COVERAGE A – BODILY INJURY AND PROPERTY DAMAGE LIABILITY**

1.  **Insuring Agreement**

    a.  We will pay those sums that the insured becomes legally obligated to pay as damages because of "bodily injury" or "property damage" to which this insurance applies. We will have the right and duty to defend the insured against any "suit" seeking those damages. However, we will have no duty to defend the insured against any "suit" seeking damages for "bodily injury" or "property damage" to which this insurance does not apply. We may, at our discretion, investigate any "occurrence" and settle any claim or "suit" that may result. But:

        (1)     The amount we will pay for damages is limited as described in Section III – Limits Of Insurance; and

5

  **(2)** Our right and duty to defend end when we have used up the applicable limit of insurance in the payment of judgments or settlements under Coverages A or B or medical expenses under Coverage C.

  No other obligation or liability to pay sums or perform acts or services is covered unless explicitly provided for under Supplementary Payments – Coverages A and B.

**b.** This insurance applies to "bodily injury" and "property damage" only if:

  **(1)** The "bodily injury" or "property damage" is caused by an "occurrence" that takes place in the "coverage territory";

  **(2)** The "bodily injury" or "property damage" occurs during the policy period…

* * *

## COVERAGE B – PERSONAL AND ADVERTISING INJURY LIABILITY

**1.** **Insuring Agreement**

  **a.** We will pay those sums that the insured becomes legally obligated to pay as damages because of "personal and advertising injury" to which this insurance applies. We will have the right and duty to defend the insured against any "suit" seeking those damages. However, we will have no duty to defend the insured against any "suit" seeking damages for "personal and advertising injury" to which this insurance does not apply…

  **b.** This insurance applies to "personal and advertising injury" caused by an offense arising out of your business but only if the offense was committed in the "coverage territory" during the policy period.

* * *

22. The ASIC Policies contain the following relevant definitions:

## SECTION V – DEFINITIONS

**1.** "Advertisement" means a notice that is broadcast or published to the general public or specific market segments about your goods, products or services for the purpose of attracting customers or supporters. For the purposes of this definition:

      **a.**    Notices that are published include material placed on the Internet or on similar electronic means of communication; and

      **b.**    Regarding web-sites, only that part of a web-site that is about your goods, products or services for the purposes of attracting customers or supporters is considered an advertisement.

*  *  *

**3.**    "Bodily injury" means bodily injury, sickness or disease sustained by a person, including death resulting from any of these at any time.

*  *  *

**13.**    "Occurrence" means an accident, including continuous or repeated exposure to substantially the same general harmful conditions.

**14.**    "Personal and advertising injury" means injury, including consequential "bodily injury", arising out of one or more of the following offenses:

      **a.**    False arrest, detention or imprisonment;

      **b.**    Malicious prosecution;

      **c.**    The wrongful eviction from, wrongful entry into, or invasion of the right of private occupancy of a room, dwelling or premises that a person occupies, committed by or on behalf of its owner, landlord or lessor;

      **d.**    Oral or written publication, in any manner, of material that slanders or libels a person or organization or disparages a person's or organization's goods, products or services;

      **e.**    Oral or written publication, in any manner, of material that violates a person's right of privacy;

      **f.**    The use of another's advertising idea in your "advertisement"; or

      **g.**    Infringing upon another's copyright, trade dress or slogan in your "advertisement".

*  *  *

17. "Property damage" means:

   a. Physical injury to tangible property, including all resulting loss of use of that property. All such loss of use shall be deemed to occur at the time of the physical injury that caused it; or

   b. Loss of use of tangible property that is not physically injured. All such loss of use shall be deemed to occur at the time of the "occurrence" that caused it.

   For the purposes of this insurance, electronic data is not tangible property.

   As used in this definition, electronic data means information, facts or programs stored as or on, created or used on, or transmitted to or from computer software, including systems and applications software, hard or floppy disks, CD-ROMS, tapes, drives, cells, data processing devices or any other media which are used with electronically controlled equipment.

   \* \* \*

23. The ASIC Policies' "personal and advertising injury" coverage is subject to the following exclusions:

   **2. Exclusions**

   This insurance does not apply to:

   a. **Knowing Violation Of Rights Of Another**

   "Personal and advertising injury" caused by or at the direction of the insured with the knowledge that the act would violate the rights of another and would inflict "personal and advertising injury".

   \* \* \*

   c. **Material Published Prior To Policy Period**

   "Personal and advertising injury" arising out of oral or written publication of material whose first publication took place before the beginning of the policy period.

   \* \* \*

   f. **Breach of Contract**

"Personal and advertising injury" arising out of a breach of contract, except an implied contract to use another's advertising idea in your "advertisement."

\* \* \*

    i.    **Infringement Of Copyright, Patent, Trademark Or Trade Secret**

"Personal and advertising injury" arising out of the infringement of copyright, patent, trademark, trade secret or other intellectual property rights.

However, this exclusion does not apply to infringement, in your "advertisement", of copyright, trade dress or slogan.

\* \* \*

**INFRINGEMENT EXCLUSION**

This Endorsement shall not serve to increase our limits of insurance, as described in SECTION III – LIMITS OF INSURANCE

The following exclusion is added to the Exclusions of SECTION I, COVERAGE A. BODILY INJURY AND PROPERTY DAMAGE LIABILITY and SECTION 1, COVERAGE B. PERSONAL AND ADVERTISING INJURY LIABILITY:

This policy does not apply to any claim based upon or arising out of, directly or indirectly, or in any way relating to, any actual or alleged infringement of any copyright, patent, trademark, tradename or intellectual property right.

All other terms, conditions and exclusions under the policy are applicable to this Endorsement and remain unchanged.

\* \* \*

    24.    The Underlying Complaint does not seek damages because of "bodily injury" or "property damage" caused by an "occurrence."

    25.    The Underlying Complaint does not seek damages because of "personal and advertising injury" caused by an offense arising out of a named insured's business committed during the ASIC Policies' respective policy periods, or such damages are excluded from coverage.

9

26. Accordingly, ASIC has no duty to defend, and therefore no duty to indemnify, the Phusion Entities in connection with the Underlying Lawsuit under the ASIC Policies.

27. Accordingly, a real, substantial, and justiciable controversy has arisen and now exists between ASIC and the Phusion Entities.

**COUNT I**
**DECLARATORY JUDGMENT**
**(No Bodily Injury or Property Damage and No Occurrence)**

28. ASIC re-alleges the allegations of paragraphs 1 through 27 above as if fully set forth herein.

29. The Underlying Complaint does not seek damages because of "bodily injury" or "property damage" caused by an "occurrence," as those terms are defined in the ASIC Policies. Therefore, the Underlying Lawsuit does not implicate the ASIC Policies' "bodily injury" or "property damage" coverage.

WHEREFORE, ASIC prays that this Honorable Court enter an order:

a. Declaring that ASIC has no duty to defend, and therefore no duty to indemnify, the Phusion Entities in connection with the Underlying Lawsuit.

b. Granting ASIC such other and further relief as this Honorable Court deems just and appropriate, including costs.

**COUNT II**
**DECLARATORY JUDGMENT**
**(No Personal and Advertising Injury)**

30. ASIC re-alleges the allegations of paragraphs 1 through 29 above as if fully set forth herein.

31. The Phusion Entities are alleged to have misappropriated the Underlying Plaintiff's proprietary recipes/formulas and his interest in them.

32. The Underlying Complaint's allegations do not constitute "personal and advertising injury," as defined under the ASIC policies.

WHEREFORE, ASIC prays that this Honorable Court enter an order:

a. Declaring that ASIC has no duty to defend, and therefore no duty to indemnify, the Phusion Entities in connection with the Underlying Lawsuit.

b. Granting ASIC such other and further relief as this Honorable Court deems just and appropriate, including costs.

## COUNT III
## DECLARATORY JUDGMENT
### (Application of the Intellectual Property Exclusion)

33. ASIC re-alleges the allegations of paragraphs 1 through 32 above as if fully set forth herein.

34. The Phusion Entities are alleged to have willfully misappropriated the Underlying Plaintiff's trade secrets.

35. Exclusion 2.i., applicable to the ASIC Policies' "personal and advertising injury" coverage, eliminates coverage for "personal and advertising injury" arising out of the infringement of copyright, patent, trademark, trade secret or other intellectual property rights (the "Intellectual Property Exclusion").

36. Even if the Underlying Complaint could be construed as seeking damages because of "personal and advertising injury" (which ASIC does not concede), the Intellectual Property Exclusion would eliminate coverage for the Underlying Lawsuit, because Exclusion 2.i. precludes coverage for any such "personal and advertising injury."

WHEREFORE, ASIC prays that this Honorable Court enter an order:

a. Declaring that ASIC has no duty to defend, and therefore no duty to indemnify, the Phusion Entities in connection with the Underlying Lawsuit.

b. Granting ASIC such other and further relief as this Honorable Court deems just and appropriate, including costs.

## COUNT IV
## DECLARATORY JUDGMENT
## (Application of the Infringement Exclusion)

37. ASIC re-alleges the allegations of paragraphs 1 through 36 above as if fully set forth herein.

38. Pursuant to endorsement, the ASIC Policies are subject to an "Infringement Exclusion" endorsement, which provides that the ASIC Policies do not apply to any claim based upon or arising out of, directly or indirectly, or in any way relating to, any actual or alleged infringement of any copyright, patent, trademark, tradename or intellectual property right (the "Infringement Exclusion").

39. Even if the Underlying Complaint could be construed as seeking damages because of "personal and advertising injury" (which ASIC does not concede), the Infringement Exclusion eliminates coverage for the Underlying Lawsuit.

WHEREFORE, ASIC prays that this Honorable Court enter an order:

a. Declaring that ASIC has no duty to defend, and therefore no duty to indemnify, the Phusion Entities in connection with the Underlying Lawsuit.

b. Granting ASIC such other and further relief as this Honorable Court deems just and appropriate, including costs.

## COUNT V
## DECLARATORY JUDGMENT
## (Application of Additional Personal and Advertising Injury Exclusions)

40. ASIC re-alleges the allegations of paragraphs 1 through 39 above as if fully set forth herein.

41. The Underlying Complaint alleges that the Phusion Entities could not be *bona fide* purchasers of value when making their licensing and distribution agreements with the Underlying Plaintiff's father because they were aware of the Underlying Plaintiff's contributions in creating the recipes, flavors, and branding.

12

42. Exclusion 2.a., applicable to the ASIC Policies' "personal and advertising injury" coverage, eliminates coverage for "personal and advertising injury" caused by or at the direction of the insured with knowledge that the act would violate the rights of another and would inflict "personal and advertising injury" (the "Knowing Violation Exclusion").

43. The Knowing Violation Exclusion excludes "personal and advertising injury" coverage for the Underlying Lawsuit because the claims against the Phusion Entities arise out of licensing and distribution agreements they entered with the Underlying Plaintiff's father, notwithstanding their purported knowledge of the Underlying Plaintiff's contributions in creating the recipes, flavors, and branding.

44. Exclusion 2.f., applicable to the ASIC Policies' "personal and advertising injury" coverage, excludes coverage for "personal and advertising injury" arising out of a breach of contract (the "Breach of Contract Exclusion").

45. The Breach of Contract Exclusion excludes "personal and advertising injury" coverage for the Underlying Lawsuit because the claims against the Phusion Entities arise out of alleged breaches of partnership and joint venture agreements involving the Underlying Plaintiff.

46. To the extent the Underlying Complaint is construed as seeking damages because of "personal and advertising injury" (which ASIC does not concede), coverage for the Underlying Lawsuit is barred by the Knowing Violation Exclusion and Breach of Contract Exclusion.

WHEREFORE, ASIC prays that this Honorable Court enter an order:

a. Declaring that ASIC has no duty to defend, and therefore no duty to indemnify, the Phusion Entities in connection with the Underlying Lawsuit.

b. Granting ASIC such other and further relief as this Honorable Court deems just and appropriate, including costs.

## COUNT VI
## DECLARATORY JUDGMENT
## (First Publication Exclusion)

47. ASIC re-alleges the allegations of paragraphs 1 through 46 above as if fully set forth herein.

48. Exclusion 2.c., applicable to the ASIC Policies' "personal and advertising injury" coverage, eliminates coverage for "personal and advertising injury" arising out of oral or written publication of material whose first publication took place before the beginning of the policy period (the "First Publication Exclusion").

49. Even if the Underlying Lawsuit could be construed as involving "personal and advertising injury" (which ASIC does not concede), ASIC would owe no coverage obligation under any ASIC policy for "personal and advertising injury" arising out of oral or written publication of material whose first publication took place before the beginning of that ASIC policy's policy period.

WHEREFORE, ASIC respectfully prays that this Honorable Court enter an order:

a. Declaring that ASIC has no coverage obligation owing the Phusion Entities in connection with the Underlying Lawsuit for "personal and advertising injury" arising out of oral or written publication of material whose first publication took place before the beginning of that ASIC policy's policy period.

b. Granting ASIC such other and further relief as this Honorable Court deems just and appropriate.

## COUNT VII
## DECLARATORY JUDGMENT
## (Policy Period Limitation)

50. ASIC re-alleges the allegations of paragraphs 1 through 49 above as if fully set forth herein.

51. Subject to their terms, conditions, limitations and exclusions, the ASIC Policies provide coverage only for sums an insured becomes legally obligated to pay as damages because

of "personal and advertising injury" caused by an offense that was committed during the ASIC Policies' respective policy periods.

52. Even if the Underlying Lawsuit involves "personal and advertising injury" (which ASIC does not concede), ASIC would owe no coverage obligation under the ASIC Policies for "personal and advertising injury" caused by an offense that was not committed during the ASIC Policies' respective policy periods.

WHEREFORE, ASIC respectfully prays that this Honorable Court enter an order:

a. Declaring that ASIC has no coverage obligation owing the Phusion Entities in connection with the Underlying Lawsuit for "personal and advertising injury" caused by an offense that was not committed during the ASIC Policies' respective policy periods.

b. Granting ASIC such other and further relief as this Honorable Court deems just and appropriate.

## COUNT VIII
## DECLARATORY JUDGMENT
## (Insured Status)

53. ASIC re-alleges the allegations of paragraphs 1 through 52 above as if fully set forth herein.

54. Pursuant to endorsement, Innovative Brewing is an additional named insured to the 2013-14 Policy, effective August 8, 2013.

55. Innovative Brewing is not an insured under the 2011-12 Policy or the 2012-13 Policy.

56. ASIC owes no coverage obligation to Innovative Brewing under the 2011-12 or 2012-13 Policies, because Innovative Brewing is not an insured under those policies.

WHEREFORE, ASIC respectfully prays that this Honorable Court enter an order:

a. Declaring that ASIC has no coverage obligation owing Innovative Brewing under the 2011-12 or 2012-13 Policies.

b. Granting ASIC such other and further relief as this Honorable Court deems just and appropriate.

Dated: August 29, 2018

Respectfully submitted,

By: s/ *Daniel J Graham*

Richard H. Nicolaides, Jr.
rnicolaides@nicolaidesllp.com
Daniel I. Graham, Jr.
dgraham@nicolaidesllp.com
Rhani A. Elrahman
relrahman@nicolaidesllp.com

Nicolaides Fink Thorpe Michaelides Sullivan LLP
10 South Wacker Drive, Suite 2100
Chicago, Illinois 60606
Tel: (312) 585-1400
Fax: (312) 585-1401

*Attorneys for Plaintiff TIG Insurance Company*